| | | |
|---|---|---|
| Mr. Martin Fisher, Individually | * | |
| and Executor of the Estate of Olga Fisher | * | IN THE UNITED STATES |
| 7514 Berkshire Road | * | |
| Baltimore, MD 21224 | * | DISTRICT COURT |
| | * | |
| | * | FOR |
| Plaintiff | * | |
| v. | * | MARYLAND |
| | * | |
| | * | AT BALTIMORE |
| Pfizer Inc. | * | |
| 235 East 42nd Street | * | |
| New York, NY 10017 | * | |
| | * | |
| Serve: The Corporation Trust Inc. | * | |
| 300 E. Lombard St. | * | |
| Baltimore, MD 21202 | * | |
| | * | CLAIM NO.: |
| Defendant | * | |
| | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

COMES NOW the plaintiff, Martin Fisher, Exeuctor of the Estate of Olga Fisher, by and through counsel, Paul A. Weykamp and the law offices of Paul A. Weykamp, and brings suit against the defendant, Pfizer Inc., and for good cause states:

## PARTIES, JURISDICTION, AND VENUE

1.      The plaintiff, Martin Fisher states that Olga Fisher (hereinafter the "plaintiff's Deceased"), at all times relevant hereto, resided in Maryland, and took the drug CELEBREX between 2000 and 2003. As used herein, "plaintiff" shall refer to Martin Fisher unless specifically noted otherwise.

2.      Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of Maryland, with its principal place of business in New York, has committed a tort within the State of Maryland and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent for service of process.

4.      This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state other than that of the Defendant.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391. Plaintiff's Deceased purchased the products that form the basis of this lawsuit in the State of Maryland while the Defendant sold products in all U.S. States. At all relevant times herein, Pfizer, Inc. was in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX. Pfizer, Inc. at all times relevant hereto designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold in interstate commerce the aforementioned prescription drug. Pfizer, Inc. does substantial business in the State of Maryland and this Federal District, advertises in this district, received substantial compensation and profits from sales of CELEBREX in this district, and made material omissions and misrepresentations and breaches of warranties in this district. All conditions precedent have been performed or have occurred. Fed. R. Civ. Proc. 9(c).

**FACTUAL ALLEGATIONS**

6.      Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, CELEBREX. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX in the State of Maryland and the State of North Carolina.

7.      Plaintiff's Deceased, ingested CELEBREX as prescribed and as a result thereof, suffered a stroke and died therefrom.

8.      At all times relevant herein, Plaintiff and Plaintiff's Deceased were unaware of the serious side effects and dangerous properties of the drug as set forth herein.

9.      The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as CELEBREX.

10.     CELEBREX is in a class of drugs called non-steroidal anti-inflammatory drugs. It was approved by the Food and Drug Administration for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

11.     Pfizer, Inc. originally refused to withdraw CELEBREX from the market, despite scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of CELEBREX.

12.     Defendant materially breached its obligations to consumers, such as the Plaintiff's Deceased, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX.

13.     Defendant expressly and/or impliedly warranted to the market, including the Plaintiff's Deceased, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other

written materials to the health care community, that CELEBREX was safe, effective, fit and proper for its intended use.

14.    Defendant was aware of the substantial risks of taking CELEBREX but failed to fully disclose.

15.    Defendant failed to meet the applicable standards of care, which were intended for the benefit of individual consumers such as the Plaintiff's Deceased, making the Defendant liable for the Plaintiff's Deceased's injuries and death.

## COUNT I: NEGLIGENCE

16.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

17.    Defendant Pfizer and its representatives were merchants or sellers of CELEBREX.

18.    Despite the fact that Defendant Pfizer knew, or should have known that CELEBREX could cause unreasonable injurious results and/or death to Plaintiff's Deceased, the Defendant continued to market, distribute, and sell CELEBREX to the public.

19.    Defendant Pfizer knew, or should have known that consumers, such as Plaintiff's Deceased, would foreseeably suffer injuries and/or death as a result of Defendant Pfizer's failure to exercise ordinary care as described above. Moreover, after Defendant Pfizer became aware of the serious risks of ingesting CELEBREX, it owed a legal duty to Plaintiff's Deceased, and the general public, to disclose that knowledge. Defendant Pfizer's breach of its duty to disclose this information was a proximate cause of the injuries and death of the Plaintiff's Deceased.

4

20.     As a direct and proximate result of the negligence and breach of Defendant Pfizer, Plaintiff's Deceased sustained a stroke and died. Defendant Pfizer owed a duty to Plaintiff's Deceased to use reasonable care in its actions. Defendant Pfizer's failure to use reasonable care proximately caused Plaintiff's Deceased's death and injuries, including medical expenses, lost wages, physical and mental pain, suffering and anguish. The Plaintiff became aware of the dangers of CELEBREX in 2005 after the national recall of the drug.

WHEREFORE, the Plaintiff, Martin Fisher, Individually and as Executor of the Estate of Olga Fisher prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT II: STRICT PRODUCTS LIABILITY

21.     The Plaintiff adopts and re-alleges paragraphs above as if fully set forth herein.

22.     CELEBREX, as designed, manufactured, sold and/or supplied by Defendant Pfizer, was placed into the stream of commerce by Defendant in a defective and unreasonably dangerous condition taking into consideration the utility of the product and the risks involved with the drug's use.

23.     Further, CELEBREX, as designed, manufactured, distributed, sold and/or supplied by Defendant, was defective in marketing due to inadequate warnings, instructions, and/or labeling.

24.     CELEBREX, as designed, manufactured, distributed, marketed, sold and/or supplied was defective due to inadequate testing.

25.     CELEBREX was defective in design and/or formulation in that, when it left the hands of Defendant and/or its representative, agents or assignees, the foreseeable risks of

serious harm posed by this drug far exceeded its alleged benefits. The foreseeable risks of serious harm were so that Plaintiff's Deceased and the general public, having known of such foreseeable risks and alleged benefits, would not have ingested CELEBREX.

26.    CELEBREX was also defective due to inadequate warnings and misrepresentations to healthcare professionals. Defendant knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX to patients.

27.    CELEBREX was defective due to inadequate testing both before and after Defendant became aware of the risks of ingesting the drug.

28.    As the producing and direct cause and legal result of the design defect and/or the marketing defect due to the Defendant's failure to warn consumers, as well as the defective condition of the drug as manufactured and supplied by Defendant and its representatives, Plaintiff's Deceased suffered injuries and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Martin Fisher, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.


## COUNT III: FRAUD

29.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

30.    Defendant Pfizer fraudulently represented to the general public, as well as healthcare professionals, that CELEBREX was a safe and effective drug. Defendant Pfizer made this representation while knowing that, if healthcare professionals and

consumers knew of the serious risks associated with the ingestion of the CELEBREX drug, they would not prescribe and/or ingest this drug. Defendant Pfizer knew its representations to be false, and Plaintiff's Deceased relied on Defendant Pfizer's false representations in ingesting CELEBREX. These fraudulent representations by Defendant Pfizer were proximate cause of Plaintiff's Deceased's injuries and death enumerated in paragraph 20 above.

WHEREFORE, the Plaintiff, Martin Fisher, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00 and $80,000,000.00 in punitive damages.

## COUNT IV: NEGLIGENT MISREPRESENTATIONS

31.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

32.    Defendant Pfizer represented and marketed the CELEBREX drug as being safe and effective. After Defendant Pfizer became aware of the risk of ingesting CELEBREX®, however, Defendant Pfizer failed to communicate to Plaintiff's Deceased and/or the general public, that the ingestion of this drug could cause a person to suffer a stroke, or that the CELEBREX drug could cause a stroke to the person ingesting the drug.

33.    Therefore, Plaintiff brings this cause of action against Defendant Pfizer under the theory of negligent misrepresentation for the following reasons:

a) The Plaintiff incorporates all facts and allegations previously stated in this Complaint;

b) Defendant Pfizer failed to warn Plaintiff's Deceased, and other consumers, of the defective condition of the CELEBREX, as manufactured and/or supplied by Defendant Pfizer;

c) Defendant Pfizer, individually, and through its agents, representatives, distributors and/or employees, negligently misrepresented material facts about CELEBREX in that they made such misrepresentations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendant Pfizer made such misrepresentations, without exercising reasonable care to ascertain the accuracy of these representations;

d) The above misrepresentations were made to Plaintiff, as well as the general public;

e) Plaintiff's Deceased and his healthcare provider justifiably relied on Defendant Pfizer's misrepresentations; and

f) Consequently ingestion of CELEBREX was to Plaintiff's Deceased's detriment.

34.    As a direct and proximate result of the fraudulent acts and omissions, and misrepresentation of Defendant Pfizer, Plaintiff suffered significant and ongoing injury and damages as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Martin Fisher, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.


## COUNT V: EXPRESSED WARRANTY FOR GOODS

35.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

36. Defendant Pfizer breached its express warranty of goods. Defendant Pfizer was a merchant and/or seller of the CELEBREX drug. Defendant Pfizer sold this drug to consumers for the ordinary purpose for which such drugs are used by consumers. Defendant Pfizer owed a legal duty to Plaintiff's Deceased and the public in general, to disclose its knowledge of the serious risks of ingesting the CELEBREX drug as marketed. As a direct and proximate result of Defendant's breach of warranties, Plaintiff's Deceased was injured and suffered special, general and compensatory damages and died as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Martin Fisher, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

## COUNT VI: IMPLIED WARRANTY

### A. WARRANTY OF MERCHANTABILITY.

37.    The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein and further allege:

38.    Defendant Pfizer breached its implied warranty of merchantability. Defendant Pfizer was a merchant and/or seller of the Celebrex drug. Defendant Pfizer sold this drug to Plaintiff's Deceased, and other consumers, for the ordinary purpose for which such drug is used by consumers. Celebrex was defective, or unmerchantable, i.e., not fit for the ordinary purposes for which such drugs are used.

39.    As a direct and proximate result of the defect or defects of the drug, Plaintiff suffered significant and ongoing injury and damages and death as set forth in paragraph 20 above.

### B. Warranty of Fitness.

40. The Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein, and further allege:

41.    Defendant Pfizer breached its implied warranty of fitness. Defendant Pfizer sold Celebrex  drug, and, at the time of the sale of this drug, Defendant Pfizer knew or had reason to know of a particular purpose for which the drug was to be used. At the time of the sale of the drug to Plaintiff's Deceased, Defendant Pfizer knew, or had reason to know, that Plaintiff's Deceased was relying on the skill and judgment of Defendant Pfizer to select or furnish a suitable product for the intended purpose. At the time of sale of the drug to Plaintiff's Deceased, Defendant Pfizer exercised its skill and judgment in the selection of this drug as safe and effective, and Plaintiff's Deceased relied thereon. Celebrex was not reasonably fit and/or suitable for the use for which it was selected.

42.    Failure of Defendant Pfizer to select and sell a product which, was reasonably safe for its intended use, proximately caused Plaintiff's injuries as set forth in paragraph 20 above.

WHEREFORE, the Plaintiff, Martin Fisher, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of $5,000,000.00.

### COUNT VII: UNJUST ENRICHMENT

43.    Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

44.    Defendant Pfizer accepted payment from Plaintiff's Deceased for the purchase of Celebrex**.**

45.    Plaintiff's Deceased did not receive a safe and effective drug for which Plaintiff

paid.

46.    It would not be equitable for Defendant Pfizer to retain this money because Plaintiff's Deceased did not, in fact, receive a safe and efficacious drug.

WHEREFORE, the Plaintiff, Martin Fisher, prays for judgment against Defendant, Pfizer Inc., for actual, general, and compensatory damages in the amount of Plaintiff's prescription drug.

Respectfully submitted,

## COUNT VIII: WRONGFUL DEATH

The Plaintiff hereby incorporates all the foregoing Counts and paragraph and further states that the defendant brought about the death of Olga Fisher, the plaintiff's spouse as alleged in all the preceding paragraphs.  Due to the defendant's negligence; due to the defendant's negligent misrepresentation; due to the defendant's fraud; and due to the defendant's strict liability failures and shortcomings, the defendant brought about the death of the plaintiff's Deceased.  The plaintiff, Ronald Price, has suffered the loss of his spouse, and has lost the friendship, counsel, consolation, counsel, comfort and intimacy he enjoyed with his wife.  As a beneficiary of the Maryland Wrongful Death statute, the plaintiff is suing the defendant under this count for these damages he has suffered.

WHEREFORE, the plaintiff, individually, hereby demands $5,000,000.00 in general, actual and compensatory damages.

THE LAW OFFICES OF PAUL A. WEYKAMP

BY_____
Paul A. Weykamp

11

Suite 2
16 Stenersen Lane
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email:
pweykamp@weykamplaw.com
Attorneys for Plaintiff

## PRAYER FOR TRIAL BY JURY

The Plaintiff prays for a trial by jury on all issues presented herein.

_____
Paul A. Weykamp
Law Offices of Paul A. Weykamp
16 Stenersen Lane, Suite 2
Hunt Valley, MD 21030
Telephone: (410) 584-0660
Email:
pweykamp@weykamplaw.com
Attorneys for Plaintiff

Mr. Martin Fisher, Individually          *
and Executor of the Estate of Olga Fisher    *       IN THE UNITED STATES
7514 Berkshire Road                       *
Baltimore, MD 21224                       *       DISTRICT COURT
                                          *
                                          *       FOR
                 Plaintiff                *
v.                                        *       MARYLAND
                                          *
                                          *       AT BALTIMORE
Pfizer Inc.                               *
235 East 42nd Street                      *
New York, NY 10017                        *
                                          *
Serve: The Corporation Trust Inc.         *
300 E. Lombard St.                        *
Baltimore, MD 21202                       *       CIVIL ACTION NO.:
                                          *
                                          *
                 Defendant                *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Mr,/Madam Clerk:

Please prepare writ of summons for private process service on the following:

The Corporation Trust Inc.
300 East Lombard St.
Baltimore, Maryland 21202

                         Respectfully Submitted


                         _____
                         Paul A. Weykamp
                         16 Stenersen Lane, Suite 2
                         Hunt Valley, MD 21030
                         Telephone: (410) 584-0660
                         Email:
                         pweykamp@weykamplaw.com
                         Attorney for Plaintiff

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Mr. Martin Fisher, Executor of The Estate of Olga Fisher

## DEFENDANTS
Pfizer, Inc

**(b)** County of Residence of First Listed Plaintiff   Baltimore, MD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   N.Y., N.Y.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Paul A. Weykamp
16 Stenersen Lane, Suite 2
Hunt Valley, MD 21030

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

**PERSONAL INJURY**
☐ 362 Personal Injury - Med. Malpractice
☒ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

### FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity

Brief description of cause:
Celebrex personal injury

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE

DOCKET NUMBER

DATE 11/27/07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Mr. Martin Fisher, Executor of the
Estate of Olga Fisher,
     **Plaintiff(s)**

                     **S U M M O N S**

  vs.

          **CIVIL ACTION NO.**   WDQ 07 CV 3206

Pfizer, Inc.
Serve: The Corporation Trust Inc.
  300 Lombard Street, Baltimore, MD 21202

      **Defendant**

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to serve upon Plaintiff's Attorney, whose

address is:   Paul A. Weykamp, 16 Stenersen Lane, Suite 2, Hunt Valley,  MD 21030,

an answer to the complaint which is herewith served upon you, within 60 days after service

of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by

default will be taken against you for the relief demanded in the complaint.

       Sincerely,

       Felicia C. Cannon, Clerk

     **By:** _____
       **Deputy Clerk**

**DATE:**   11/29/07

      **NOTICE - This case is subject to electronic filing.**
Information on electronic filing procedures and how to
register to use the electronic filing system can be found
at:  www.mdd.uscourts.gov

U.S. District Court (12/1999) - Summons

A CERTIFIED TRUE COPY

JAN 2 2 2008

ATTEST _Anna L. Stewart_
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JAN - 3 2008

FILED
CLERK'S OFFICE

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION

MDL No. 1699

(SEE ATTACHED SCHEDULE)

### CONDITIONAL TRANSFER ORDER (CTO-92)

On September 6, 2005, the Panel transferred 30 civil actions to the United States District Court for the
Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C.
§ 1407. *See* 391 F.Supp.2d 1377 (J.P.M.L. 2005). Since that time, 1,167 additional actions have been
transferred to the Northern District of California. With the consent of that court, all such actions have been
assigned to the Honorable Charles R. Breyer.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the
actions previously transferred to the Northern District of California and assigned to Judge Breyer.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D.
425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of
California for the reasons stated in the order of September 6, 2005, and, with the consent of that court,
assigned to the Honorable Charles R. Breyer.

This order does not become effective until it is filed in the Office of the Clerk of the United States District
Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15
days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this
15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

JAN 2 2 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the annexed
in ............ is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District C......
Northern District of .............
By Simone Volk
                    Deputy
Date 1-23-08

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1699

### SCHEDULE CTO-92 - TAG-ALONG ACTIONS

<u>DIST.</u> <u>DIV.</u> <u>C.A. #</u>                    <u>CASE CAPTION</u>

ALABAMA NORTHERN
   ALN  3  07-2219              Raymond Beaver v. Pfizer Inc., et al.

MARYLAND
   MD  1  07-3205               Ronald N. Price, Sr., etc. v. Pfizer Inc.
   MD  1  07-3206               Martin Fisher, etc. v. Pfizer Inc.

MINNESOTA
   MN  0  07-4791               Robert Colman v. Pfizer Inc., et al.
   MN  0  07-4801               Harriet Bratcher v. Pfizer Inc., et al.

MISSISSIPPI SOUTHERN
   MSS  3  07-450               Bobbie H. Overton, et al. v. Pfizer Inc., et al.

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**                    MDL No. 1699

## INVOLVED COUNSEL LIST (CTO-92)

Andy D. Birchfield, Jr.
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Levi Boone, III
BOONE LAW FIRM
401 West Sunflower Road
P.O. Box 1772
Cleveland, MS 38732-1772

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN
& BERNSTEIN LLP
Embarcadero Center West, 30th Floor
275 Battery Street
San Francisco, CA 94111-3339

Lawrence B. Clark
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ PC
1600 Wachovia Tower
420 North 20th Street
Birmingham, AL 35203-5202

Walter T. Johnson
WATKINS & EAGER
P.O. Box 650
Jackson, MS 39205-0650

Gregory A. Markel
CADWALADER WICKERSHAM
& TAFT LLP
One World Financial Center
New York, NY 10281

Ted G. Meadows
BEASLEY ALLEN CROW METHVIN
PORTIS & MILES PC
P.O. Box 4160
Montgomery, AL 36103-4160

Amy W. Schulman
DLA PIPER US LLP
1251 Avenues of the Americas
27th Floor
New York, NY 10020-1104

Paul A. Weykamp
LAW OFFICES OF PAUL A WEYKAMP
16 Stenersen Lane
Suite 2
Hunt Valley, MD 21030

IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION                    MDL No. 1699

## INVOLVED JUDGES LIST (CTO-92)

Hon. Sharon Lovelace Blackburn
Chief Judge, U.S. District Court
730 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Hon. J. Frederick Motz
U.S. District Judge
101 West Lombard Street
510 Edward A. Garmatz Federal Building & U.S. Courthouse
Baltimore, MD 21201-2690

Hon. William D. Quarles, Jr.
United States District Judge
3A Edward A. Garmatz Fed. Bldg. & U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201-2605

Hon. Joan N. Ericksen
U.S. District Judge
12W U.S. Courthouse
300 South 4th Street
Minneapolis, MN 55415

Hon. Ann D. Montgomery
U.S. District Judge
13W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Tom S. Lee
Senior U.S. District Judge
222 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

**IN RE: BEXTRA AND CELEBREX MARKETING, SALES
PRACTICES AND PRODUCTS LIABILITY LITIGATION**                MDL No. 1699

### INVOLVED CLERKS LIST (CTO-92)

Perry D. Mathis, Clerk
140 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Richard W. Wieking, Clerk
Phillip Burton U.S. Courthouse
Box 36060
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Felicia C. Cannon, Clerk
Edward A. Garmatz Federal
Building & U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201-2690

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

J.T. Noblin, Clerk
P.O. Box 23552
Jackson, MS 39225-3552

1699, CLOSED, XMDL

# U.S. District Court
# District of Maryland (Baltimore)
# CIVIL DOCKET FOR CASE #: 1:07-cv-03206-WDQ
# Internal Use Only

E-filing    CV    **08**    **0797** *CRB*

Fisher v. Pfizer Inc.
Assigned to: Judge William D Quarles, Jr
Demand: $5,000,000
Cause: 28:1332 Diversity-Product Liability

Date Filed: 11/28/2007
Date Terminated: 01/24/2008
Jury Demand: Plaintiff
Nature of Suit: 365 Personal
Inj. Prod. Liability
Jurisdiction: Federal Question

## Plaintiff

**Mr. Martin Fisher**
*Individually and Executor of
the Estate of Olga Fisher*

represented by **Paul A Weykamp**
Law Offices of Paul A
Weykamp PA
16 Stenersen Ln Ste 2
Hunt Valley, MD 21030
14105840660
Fax: 14105841005
Email:
pweykamp@weykamplaw.com

*LEAD ATTORNEY
ATTORNEY TO BE NOTICED*

V.

## Defendant

**Pfizer Inc.**

| Date | | |
|------|--|--|

| Filed | # | Docket Text |
|-------|---|-------------|
| 11/28/2007 | ❍1 | COMPLAINT against Pfizer Inc. (Filing fee $ 350, receipt #14637021459), filed by Martin Fisher. (Attachments: # 1 Civil Cover Sheet)(raf, Deputy Clerk) Modified on 12/4/2007 (raf, Deputy Clerk). (Entered: 11/29/2007) |
| 11/28/2007 | ❍ | Jury Trial Demand by Martin Fisher. (raf, Deputy Clerk) (Entered: 11/29/2007) |
| 11/29/2007 | ❍2 | Summons Issued 60 days as to Pfizer Inc. (raf, Deputy Clerk) (Entered: 11/29/2007) |
| 11/29/2007 | ❍ | (Court only) ***Set/Clear Flags (raf, Deputy Clerk) (Entered: 11/29/2007) |
| 01/24/2008 | ❍3 | ORDER administratively closing case. Signed by Judge William D Quarles, Jr on 1/24/08. (jnl, Deputy Clerk) (Entered: 01/24/2008) |
| 01/24/2008 | ❍ | (Court only) ***Civil Case Terminated. (jnl, Deputy Clerk) (Entered: 01/24/2008) |
| 02/01/2008 | ❍4 | CERTIFIED TRANSFER ORDER transferring this case to the USDC for the Northern District of California (jnl, Deputy Clerk) (Entered: 02/01/2008) |
| 02/01/2008 | ❍5 | Correspondence from Clerk to Northern District of California re: transferring case (jnl, Deputy Clerk) (Entered: 02/01/2008) |