1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone: (213) 430-3400
   Facsimile: (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendant
   PFIZER INC.

15              UNITED STATES DISTRICT COURT

16             NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18 IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
19 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-00797-CRB
                                      )
20 This document relates to           )
                                      )  **PFIZER INC.'S ANSWER TO**
21 MARTIN FISHER, Individually and as Executor of )  **COMPLAINT**
   the Estate of OLGA FISHER,         )
22                                    )  **JURY DEMAND ENDORSED**
              Plaintiff,              )  **HEREIN**
23                                    )
          vs.                         )
24                                    )
   PFIZER INC.,                       )
25                                    )
              Defendant.              )
26 _____ )

27

28

_Gordon & Rees, LLP_
_275 Battery Street, Suite 2000_
_San Francisco, CA 94111_

1    NOW COMES Defendant Pfizer Inc. ("Defendant"), and files this Answer to Plaintiff's

2    Complaint ("Complaint"), and would respectfully show the Court as follows:

3                                        I.

4                          PRELIMINARY STATEMENT

5    The Complaint does not state in sufficient detail when Decedent was prescribed or used

6    Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally.

7    Defendant may seek leave to amend this Answer when discovery reveals the specific time

8    periods in which Decedent was prescribed and used Celebrex®.

9                                        II.

10                                    ANSWER

11   **Response to Allegations Regarding Parties, Jurisdiction, and Venue**

12   1.    Defendant is without knowledge or information sufficient to form a belief as to the truth

13   of the allegations in this paragraph of the Complaint regarding Decedent's citizenship and

14   whether Decedent used Celebrex®, and, therefore, denies the same.  Defendant denies the

15   remaining allegations in this paragraph of the Complaint.

16   2.    Defendant states that this paragraph of the Complaint contains legal contentions to

17   which no response is required.  To the extent that a response is deemed required, Defendant

18   admits that it is a Delaware corporation with its principal place of business in New York.

19   Defendant admits that it is registered to do and does business in the State of Maryland.

20   Defendant denies any wrongful conduct, denies having committed a tort in the State of

21   Maryland, and denies the remaining allegations in this paragraph of the Complaint.

22   3.    Plaintiff's Complaint omits paragraph number 3.

23   4.    Defendant states that this paragraph of the Complaint contains legal contentions to

24   which no response is required.  To the extent that a response is deemed required, Defendant is

25   without knowledge or information sufficient to form a belief as to the truth of the allegations in

26   this paragraph of the Complaint concerning Plaintiff's citizenship and the amount in

27   controversy, and, therefore, denies the same.  However, Defendant admits that Plaintiff claims

28   that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1   interests and costs.    Defendant denies the remaining allegations in this paragraph of the

2   Complaint.

3   5.    Defendant states that this paragraph of the Complaint contains legal contentions to

4   which no response is required.  To the extent that a response is deemed required, Defendant is

5   without knowledge or information sufficient to form a belief as to the truth of the allegations in

6   this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore,

7   denies the same.    Defendant admits that, during certain periods of time, it marketed and co-

8   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

9   law authorized to prescribe drugs in accordance with their approval by the FDA.    Defendant

10  admits that it provided FDA-approved prescribing information regarding Celebrex®.

11  Defendant admits that it does business in the State of Maryland.    Defendant denies any

12  wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

14  6.    Defendant admits that, during certain periods of time, it marketed and co-promoted

15  Celebrex® in the United States, including Maryland and North Carolina, to be prescribed by

16  healthcare providers who are by law authorized to prescribe drugs in accordance with their

17  approval by the FDA.    Defendant admits that it provided FDA-approved prescribing

18  information regarding Celebrex®.  Defendant denies the remaining allegations in this paragraph

19  of the Complaint.

20  7.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21  of the allegations in this paragraph of the Complaint regarding whether Decedent used

22  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

23  and effective when used in accordance with its FDA-approved prescribing information.

24  Defendant denies that Celebrex® caused Plaintiff or Decedent injury or damage and denies the

25  remaining allegations in this paragraph of the Complaint.

26  8.    Defendant states that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendant states that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

3  of the Complaint.

4  9.       Defendant admits that, during certain periods of time, it marketed and co-promoted

5  Celebrex® in the United States to be prescribed by healthcare providers who are by law

6  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

7  that it provided FDA-approved prescribing information regarding Celebrex®.       Defendant

8  denies the remaining allegations in this paragraph of the Complaint.

9  10.      Defendant admits that Celebrex® is in a class of drugs that is, at times, referred to as

10  non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendant states that Celebrex® is a

11  prescription medication which is approved by the FDA for the following indications: (1) for

12  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

13  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

14  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

15  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

16  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

17  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

18  and older.  Defendant denies the remaining allegations in this paragraph of the Complaint.

19  11.      Defendant states that Celebrex® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendant denies any wrongful conduct and

21  denies the remaining allegations in this paragraph of the Complaint.

22  12.      Defendant states that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendant states that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

27  of the Complaint.

28  13.      Defendant states that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant admits that it provided FDA-approved prescribing information regarding Celebrex®. Defendant denies the remaining allegations in this paragraph of the Complaint.

14.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

15.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

### Response to First Cause of Action: Negligence

16.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

17.    Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant denies the remaining allegations in this paragraph of the Complaint.

18.    Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

19.    Defendant states that this paragraph of the Complaint contains legal contentions to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which no response is required.  To the extent that a response is deemed required, Defendant

2  admits that it had duties as are imposed by law but denies having breached such duties.

3  Defendant states that Celebrex® was and is safe and effective when used in accordance with its

4  FDA-approved prescribing information.  Defendant states that the potential effects of

5  Celebrex® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

8  injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

9  20.    Defendant states that this paragraph of the Complaint contains legal contentions to

10  which no response is required.  To the extent that a response is deemed required, Defendant

11  admits that it had duties as are imposed by law but denies having breached such duties.

12  Defendant states that Celebrex® was and is safe and effective when used in accordance with its

13  FDA-approved prescribing information.  Defendant states that the potential effects of

14  Celebrex® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

17  injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

18  Answering the unnumbered paragraph following Paragraph 20 of the Complaint,

19  Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

20  injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

21  **Response to Second Cause of Action: Strict Products Liability**

22  21.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

23  Complaint as if fully set forth herein.

24  22.    Defendant states that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendant states that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendant denies any wrongful conduct, denies that Celebrex® is defective or unreasonably

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1  dangerous, and denies the remaining allegations in this paragraph of the Complaint.

2  23.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendant states that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

7  remaining allegations in this paragraph of the Complaint.

8  24.    Defendant states that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendant states that the potential effects of

10  Celebrex® were and are adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

13  remaining allegations in this paragraph of the Complaint.

14  25.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15  of the allegations in this paragraph of the Complaint regarding whether Decedent used

16  Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

17  and effective when used in accordance with its FDA-approved prescribing information.

18  Defendant states that the potential effects of Celebrex® were and are adequately described in its

19  FDA-approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

21  Celebrex® is defective, and denies the remaining allegations in this paragraph of the

22  Complaint.

23  26.    Defendant states that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   27.   Defendant states that Celebrex® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendant states that the potential effects of

3   Celebrex® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the

6   remaining allegations in this paragraph of the Complaint.

7   28.   Defendant states that Celebrex® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendant states that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that

12   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

13   in this paragraph of the Complaint.

14       Answering the unnumbered paragraph following Paragraph 28 of the Complaint,

15   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

16   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

17   **Response to Third Cause of Action: Fraud**

18   29.   Defendant incorporates by reference its responses to each paragraph of Plaintiff's

19   Complaint as if fully set forth herein.

20   30.   Defendant is without knowledge or information sufficient to form a belief as to the truth

21   of the allegations in this paragraph of the Complaint regarding whether Decedent used

22   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

23   and effective when used in accordance with its FDA-approved prescribing information.

24   Defendant states that the potential effects of Celebrex® were and are adequately described in its

25   FDA-approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendant denies any wrongful conduct, denies that

27   Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations

28   in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Answering the unnumbered paragraph following Paragraph 30 of the Complaint,

2    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

3    injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

4    **Response to Fourth Cause of Action: Negligent Misrepresentation**

5    31.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    32.    Defendant admits that, during certain periods of time, it marketed and co-promoted

8    Celebrex® in the United States to be prescribed by healthcare providers who are by law

9    authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states

10   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

11   prescribing information. Defendant states that the potential effects of Celebrex® were and are

12   adequately described in its FDA-approved prescribing information, which was at all times

13   adequate and comported with applicable standards of care and law. Defendant denies any

14   wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

15   33.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

16   Complaint as if fully set forth herein. Defendant is without knowledge or information sufficient

17   to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding

18   whether Decedent used Celebrex®, and, therefore, denies the same. Defendant states that

19   Celebrex® was and is safe and effective when used in accordance with its FDA-approved

20   prescribing information. Defendant states that the potential effects of Celebrex® were and are

21   adequately described in its FDA-approved prescribing information, which was at all times

22   adequate and comported with applicable standards of care and law. Defendant denies any

23   wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff or

24   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

25   Complaint, including all subparts.

26   34.    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or

27   Decedent injury or damage, and denies the remaining allegations in this paragraph of the

28   Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    Answering the unnumbered paragraph following Paragraph 34 of the Complaint,

2    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

3    injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

4    **Response to Fifth Cause of Action: Express Warranty for Goods**

5    35.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

6    Complaint as if fully set forth herein.

7    36.    Defendant states that this paragraph of the Complaint contains legal contentions to

8    which no response is required.  To the extent that a response is deemed required, Defendant

9    admits that it had duties as are imposed by law but denies having breached such duties.

10   Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex®

11   in the United States to be prescribed by healthcare providers who are by law authorized to

12   prescribe drugs in accordance with their approval by the FDA.  Defendant states that Celebrex®

13   was and is safe and effective when used in accordance with its FDA-approved prescribing

14   information.  Defendant states that the potential effects of Celebrex® were and are adequately

15   described in its FDA-approved prescribing information, which was at all times adequate and

16   comported with applicable standards of care and law.  Defendant denies any wrongful conduct,

17   denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining

18   allegations in this paragraph of the Complaint.

19   Answering the unnumbered paragraph following Paragraph 36 of the Complaint,

20   Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

21   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

22   **Response to Sixth Cause of Action: Implied Warranty**

23   **A. Warranty of Merchantability**

24   37.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

25   Complaint as if fully set forth herein.

26   38.    Defendant is without knowledge or information sufficient to form a belief as to the truth

27   of the allegations in this paragraph of the Complaint regarding whether Decedent used

28   Celebrex®, and, therefore, denies the same.  Defendant admits that, during certain periods of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, and denies the remaining allegations in this paragraph of the Complaint.

39. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Celebrex® is defective, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

## B. Warranty of Fitness

40. Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, denies the same. Defendant admits that, during certain periods of time, it marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant states that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining

1    allegations in this paragraph of the Complaint.

2    42.    Defendant states that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendant states that the potential effects of

4    Celebrex® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

7    injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

8         Answering the unnumbered paragraph following Paragraph 42 of the Complaint,

9    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

10   injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

11   **<u>Response to Seventh Cause of Action: Unjust Enrichment</u>**

12   43.    Defendant incorporates by reference its responses to each paragraph of Plaintiff's

13   Complaint as if fully set forth herein.

14   44.    Defendant is without knowledge or information sufficient to form a belief as to the truth

15   of the allegations in this paragraph of the Complaint, and, therefore, denies the same.

16   Defendant denies the remaining allegations in this paragraph of the Complaint.

17   45.    Defendant is without knowledge or information sufficient to form a belief as to the truth

18   of the allegations in this paragraph of the Complaint regarding whether Decedent used

19   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

20   and effective when used in accordance with its FDA-approved prescribing information.

21   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

22   of the Complaint.

23   46.    Defendant is without knowledge or information sufficient to form a belief as to the truth

24   of the allegations in this paragraph of the Complaint regarding whether Decedent used

25   Celebrex®, and, therefore, denies the same.  Defendant states that Celebrex® was and is safe

26   and effective when used in accordance with its FDA-approved prescribing information.

27   Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

28   of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Answering the unnumbered paragraph following Paragraph 46 of the Complaint,

2    Defendant denies any wrongful conduct, denies that Celebrex® caused Plaintiff or Decedent

3    injury or damage, and denies the remaining allegations in this paragraph of the Complaint.

4    **Response to Eighth Cause of Action: Wrongful Death**

5    Answering the unnumbered paragraph of the Complaint headed "Count VIII: Wrongful

6    Death," Defendant states that this paragraph of the Complaint contains legal contentions to

7    which no response is required.  To the extent that a response is deemed required, Defendant

8    incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set

9    forth herein.  Defendant is without knowledge or information sufficient to form a belief as to

10   the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's and

11   Decedent's marital status, and, therefore, denies the same.  Defendant denies any wrongful

12   conduct, denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the

13   remaining allegations in this paragraph of the Complaint.

14   Answering the unnumbered paragraph following the unnumbered paragraph of the

15   Complaint headed "Count VIII: Wrongful Death," Defendant denies any wrongful conduct,

16   denies that Celebrex® caused Plaintiff or Decedent injury or damage, and denies the remaining

17   allegations in this paragraph of the Complaint.

18   **III.**

19   **GENERAL DENIAL**

20   Defendant denies all allegations and/or legal conclusions set forth in Plaintiff's

21   Complaint that have not been previously admitted, denied, or explained.

22   **IV.**

23   **AFFIRMATIVE DEFENSES**

24   Defendant reserves the right to rely upon any of the following or additional defenses to

25   claims asserted by Plaintiff to the extent that such defenses are supported by information

26   developed through discovery or evidence at trial.  Defendant affirmatively shows that:

27   **First Defense**

28   1.    The Complaint fails to state a claim upon which relief can be granted.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1

### Second Defense

2

2.    Celebrex® is a prescription medical product.  The federal government has preempted the

3

field of law applicable to the labeling and warning of prescription medical products.

4

Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable

5

federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon

6

which relief can be granted; such claims, if allowed, would conflict with applicable federal law

7

and violate the Supremacy Clause of the United States Constitution.

8

### Third Defense

9

3.    At all relevant times, Defendant provided proper warnings, information and instructions

10

for the drug in accordance with generally recognized and prevailing standards in existence at the

11

time.

12

### Fourth Defense

13

4.    At all relevant times, Defendant's warnings and instructions with respect to the use of

14

Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

15

knowledge at the time the drug was manufactured, marketed and distributed.

16

### Fifth Defense

17

5.    Plaintiff's action is time-barred as it is filed outside of the time permitted by the

18

applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendant.

19

### Sixth Defense

20

6.    Plaintiff's action is barred by the statute of repose.

21

### Seventh Defense

22

7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff or Decedent were

23

contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages,

24

and any recovery by Plaintiff should be diminished accordingly.

25

### Eighth Defense

26

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or

27

omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part

28

of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    any way.

2    **Ninth Defense**

3    9.      The acts and/or omissions of unrelated third parties as alleged constituted independent,

4    intervening causes for which Defendant cannot be liable.

5    **Tenth Defense**

6    10.     Any injuries or expenses incurred by Plaintiff or Decedent were not caused by

7    Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

8    operation of nature, or act of God.

9    **Eleventh Defense**

10   11.     Defendant affirmatively denies that it violated any duty owed to Plaintiff or Decedent.

11   **Twelfth Defense**

12   12.     A manufacturer has no duty to warn patients or the general public of any risk,

13   contraindication, or adverse effect associated with the use of a prescription medical product.

14   Rather, the law requires that all such warnings and appropriate information be given to the

15   prescribing physician and the medical profession, which act as a "learned intermediary" in

16   determining the use of the product.  Celebrex® is a prescription medical product, available only

17   on the order of a licensed physician.  Celebrex® provided an adequate warning to Decedent's

18   treating and prescribing physicians.

19   **Thirteenth Defense**

20   13.     The product at issue was not in a defective condition or unreasonably dangerous at the

21   time it left the control of the manufacturer or seller.

22   **Fourteenth Defense**

23   14.     Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

24   for its intended use and the warnings and instructions accompanying Celebrex® at the time of

25   the occurrence of the injuries alleged by Plaintiff was legally adequate for its approved usages.

26   **Fifteenth Defense**

27   15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

28   Celebrex® allegedly ingested by Decedent was prepared in accordance with the applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

standard of care.

### Sixteenth Defense

16.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.    Plaintiff's and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.    Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

2    issue under applicable federal laws, regulations, and rules.

3                                    **Twenty-fourth Defense**

4    24.    Plaintiff's claims are barred in whole or in part because there is no private right of action

5    concerning matters regulated by the Food and Drug Administration under applicable federal

6    laws, regulations, and rules.

7                                    **Twenty-fifth Defense**

8    25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate

9    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of

10   Comment j to § 402A of the Restatement (Second) of Torts.

11                                   **Twenty-sixth Defense**

12   26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because

13   Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement

14   (Second) of Torts § 402A, Comment k.

15                                   **Twenty-seventh Defense**

16   27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

17   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

18   to § 6 of the Restatement (Third) of Torts: Products Liability.

19                                   **Twenty-eighth Defense**

20   28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

21   Products Liability.

22                                   **Twenty-ninth Defense**

23   29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

24   sufficient under the law to justify an award of punitive damages.

25                                   **Thirtieth Defense**

26   30.    Defendant affirmatively avers that the imposition of punitive damages in this case would

27   violate Defendant's rights to procedural due process under both the Fourteenth Amendment of

28   the United States Constitution and the Constitutions of the States of Maryland and California,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-17-

ANSWER TO COMPLAINT – 3:08-cv-00797-CRB

1   and would additionally violate Defendant's rights to substantive due process under the

2   Fourteenth Amendment of the United States Constitution.

3                                    **Thirty-first Defense**

4   31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by law of the State

5   of Maryland and by the Fifth and Fourteenth Amendments to the United States Constitution.

6                                   **Thirty-second Defense**

7   32.    The imposition of punitive damages in this case would violate the First Amendment to

8   the United States Constitution.

9                                    **Thirty-third Defense**

10  33.    Plaintiff's punitive damage claims are preempted by federal law.

11                                   **Thirty-fourth Defense**

12  34.    In the event that reliance was placed upon Defendant's nonconformance to an express

13  representation, this action is barred as there was no reliance upon representations, if any, of

14  Defendant.

15                                   **Thirty-fifth Defense**

16  35.    Plaintiff and Decedent failed to provide Defendant with timely notice of any alleged

17  nonconformance to any express representation.

18                                   **Thirty-sixth Defense**

19  36.    To the extent that Plaintiff's claims are based on a theory providing for liability without

20  proof of causation, the claims violate Defendant's rights under the United States Constitution.

21                                  **Thirty-seventh Defense**

22  37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

23  labeling with respect to the subject pharmaceutical products were not false or misleading and,

24  therefore, constitute protected commercial speech under the applicable provisions of the United

25  States Constitution.

26                                   **Thirty-eighth Defense**

27  38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

28  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

2    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

3    Amendment of the United States Constitution, the Commerce Clause of the United States

4    Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable

5    provisions of the Constitutions of the States of Maryland and California.  Any law, statute, or

6    other authority purporting to permit the recovery of punitive damages in this case is

7    unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

8    constitutionally sufficient standards to guide and restrain the jury's discretion in determining

9    whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it

10   failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)

11   permits recovery of punitive damages based on out-of-state conduct, conduct that complied with

12   applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff

13   or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable

14   and proportionate to the amount of harm, if any, to Plaintiff and Decedent and to the amount of

15   compensatory damages, if any; (5) permits jury consideration of net worth or other financial

16   information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by

17   the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally

18   sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to

19   satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v.*

20   *Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443

21   (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto*

22   *Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

23                                          **Thirty-ninth Defense**

24   39.      The methods, standards, and techniques utilized with respect to the manufacture, design,

25   and marketing of Celebrex®, if any, used in this case, included adequate warnings and

26   instructions with respect to the product's use in the package insert and other literature, and

27   conformed to the generally recognized, reasonably available, and reliable state of the knowledge

28   at the time the product was marketed.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Fortieth Defense**

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured, and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

**Forty-first Defense**

41.    If Plaintiff or Decedent have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiff's claims are barred because Decedent's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions, or natural courses of conditions of Decedent, and were independent of or far removed from Defendant's conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff or Decedent.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff and Decedent did not incur any ascertainable loss as a result of Defendant's conduct.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards, and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Decedent would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of Plaintiff, Decedent, and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff or Decedent.

### Fifty-second Defense

52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

1   ("FDCA"), 21 U.S.C. §§ 301 et seq., and regulations promulgated thereunder, and Plaintiff's

2   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and

4   with the specific determinations by FDA specifying the language that should be used in the

5   labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the

6   Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United

7   States.

8                                    **Fifty-fourth Defense**

9   54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

10  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

11                                    **Fifty-fifth Defense**

12  55.    Defendant states on information and belief that the Complaint and each purported cause

13  of action contained therein is barred by the statutes of limitations contained in California Code

14  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

15  may apply.

16                                    **Fifty-sixth Defense**

17  56.    Defendant states on information and belief that any injuries, losses, or damages suffered

18  by Plaintiff or Decedent were proximately caused, in whole or in part, by the negligence or

19  other actionable conduct of persons or entities other than Defendant.    Therefore, Plaintiff's

20  recovery against Defendant, if any, should be reduced pursuant to California Civil Code §

21  1431.2.

22                                    **Fifty-seventh Defense**

23  57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of

24  Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil

25  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

26  damages is also barred under California Civil Code § 3294(b).

27                                    **Fifty-eighth Defense**

28  58.    Defendant reserves the right to supplement its assertion of defenses as it continues with

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   its factual investigation of Plaintiff's claims.

2   **V.**

3   **JURY DEMAND**

4       Defendant hereby demands a trial by jury of all the facts and issue in this case pursuant to

5   Federal Rule of Civil Procedure 38(b).

6   **VI.**

7   **PRAYER**

8   WHEREFORE, Defendant prays for judgment as follows:

9   1.     That Plaintiff takes nothing from Defendant by reason of the Complaint;

10  2.     That the Complaint be dismissed;

11  3.     That Defendant be awarded its costs for this lawsuit;

12  4.     That the trier of fact determine what percentage of the combined fault or other liability of

13  all persons whose fault or other liability proximately caused Plaintiff's and Decedent's

14  alleged injuries, losses or damages is attributable to each person;

15  5.     That any judgment for damages against Defendant in favor of Plaintiff be no greater than

16  an amount which equals Plaintiff's proportionate share, if any, of the total fault or other

17  liability which proximately caused Plaintiff's and Decedent's injuries and damages; and

18  6.     That Defendant has such other and further relief as the Court deems appropriate.

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    March 7, 2008                                    GORDON & REES LLP

2

3                                                     By: : _____/s/_____

4                                                         Stuart M. Gordon
                                                          sgordon@gordonrees.com
5                                                         Embarcadero Center West
                                                          275 Battery Street, 20th Floor
6                                                         San Francisco, CA 94111
                                                          Telephone:  (415) 986-5900
7                                                         Fax:  (415) 986-8054

8
     March 7, 2008                                    TUCKER ELLIS & WEST LLP
9

10

11                                                    By: : _____/s/_____

12                                                        Michael C. Zellers
                                                          michael.zellers@tuckerellis.com
13                                                        515 South Flower Street, Suite 4200
                                                          Los Angeles, CA  90071-2223
14                                                        Telephone:  (213) 430-3400
                                                          Fax:  (213) 430-3409
15
                                                          Attorneys for Defendant
16                                                        PFIZER INC.

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2       Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this

3  case pursuant to 38(b) of the Federal Rules of Civil Procedure.

4  March 7, 2008                                    GORDON & REES LLP

5

6                                                   By: : _____/s/_____

7                                                       Stuart M. Gordon
                                                        sgordon@gordonrees.com
8                                                       Embarcadero Center West
                                                        275 Battery Street, 20th Floor
9                                                       San Francisco, CA  94111
                                                        Telephone:  (415) 986-5900
10                                                      Fax:  (415) 986-8054

11

12 March 7, 2008                                    TUCKER ELLIS & WEST LLP

13

14                                                  By: : _____/s/_____

15                                                      Michael C. Zellers
                                                        michael.zellers@tuckerellis.com
16                                                      515 South Flower Street, Suite 4200
                                                        Los Angeles, CA 90071-2223
17                                                      Telephone:  (213) 430-3400
                                                        Fax:  (213) 430-3409

18                                                      Attorneys for Defendant
                                                        PFIZER INC.
19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111